**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| IN RE:<br>**MELANGE S. SCOTT**<br><br>  DEBTOR | CHAPTER 13<br>CASE NUMBER: 21-14292 |
| **MELANGE S. SCOTT**<br><br>  MOVANT<br><br>Vs.<br><br>**PETER M. FERRARO**<br><br>  RESPONDENT | *CLAIM NO.: 2-1* |

### OBJECTION TO PROOF OF CLAIM OF PETER M. FERRARO WITH NOTICE OF MOTION AND OPPORTUNITY TO RESPOND

NOW COMES, Melange S. Scott ("Movant"), by her undersigned counsel files this Objection to Proof of Claim of Peter M. Ferraro and for cause state:

1. The Creditor, Peter M. Ferraro filed his proof of claim in the amount of $21,215.24 that is docketed as Claim number 2-1.

2. Movant objects to the proof of claim on the basis that the amount is uncollectable under Maryland as the Movant has filed an appeal of the judgment, and as of this writing the appeal is pending.

3. The judgment is not final, nor collectible, until such time as the Court of Special Appeals have rendered a decision on the appeal.

4. Alternatively, Movant objects to the Proof of Claim, as the alleged debt was procured by fraud. Specifically, the Creditor, Peter M. Ferraro, submitted to the Circuit Court of Maryland

for Baltimore County, an expired lease, that was previously terminated and non-renewed. **Exhibit A.**

5. The Expired Lease was then used by the Creditor to create a purported Statement of Account that was also used in the Court's consideration of the final judgment. **Exhibit B.**

6. The Statement of account provided for 9 months of Rental payments at $1450.00 (totaling $13,050.00), Late Charges of $65.00, Water Bills of $115.78 and Property Damages of $6,534.25. Movant believes that the 8 months of rent (totaling $11,600.00) should be disallowed as Movant no longer resided in the property. Moreover, $6,534.25 in purported property damage should also be disallowed, as Movant disputes damaging the Creditors property.

7. Moreover, the proof of claim should be disallowed as to attorneys in the amount of $3,100.00, because there was no valid lease, thus, *no contractual or statutory right* to attorneys' fees. The attorneys fee proffer was made in accordance with Md. Rule 3-741, which is a District Court Rule[1], and provides that (b) This Rule applies to claims made in an action in the District Court for attorneys' fees allowed by [l]aw or by [contract]. **Exhibit C**

8. Movant request that all any amounts claimed be disallowed.

WHEREFORE, for the foregoing reasons, Debtor respectfully request that the Objection to Proof of Claim be sustained.

                                        Respectfully Submitted,

                                        THE LAW OFFICES OF KIM PARKER, P.A.

                                        /s/ Kim Parker

                                        Kim Parker, Esquire
                                        COUNSEL FOR MOVANT
                                        Bar No.: 23894
                                        2123 Maryland Avenue
                                        Baltimore, Maryland 21218

---

[1] This case was filed in the Circuit Court for Baltimore County, not District Court.

O:410-234-2621<br>
F: 410-234-2612<br>
E:kp@kimparkerlaw.com

## NOTICE OF OPPORTUNITY TO RESPOND PURSUANT TO RULE 3007

Debtor, Melange S. Scott has filed an objection to your proof of claim in this bankruptcy case. Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your lawyer, if you have one in this bankruptcy case. (If you do not have a lawyer, you may wish to consult one.) If you do not want the court to grant the Opposition to the Proof of Claim, or if you want the court to consider your views on the motion, then:(1) within thirty days after the date of the certificate of service of the Objection, the claimant may file and serve a memorandum in opposition, together with any documents and other evidence the claimant wishes to attach in support of its claim, unless the claimant wishes to rely solely upon the proof of claim; (2) an interested party may request a hearing that will be held in the court's discretion.

Please mail a copy of the memorandum in opposition to: **Kim Parker, Esq., The Law Offices of Kim Parker, P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218**.

If you mail rather than deliver, your response to the Clerk of the Bankruptcy Court for filing, you must mail it early enough so that the court will receive it no later than thirty (30) days from the date of this Motion. If you fail to timely respond, the Court may dispose of your claim in accordance with the relief sought in this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Objection to Proof of Claim was served this 20th day of December, 2021, via the Court's ECF filing system, on Scott Wheat, Esquire, Counsel for Creditor/Respondent.

_____/s/_____
Kim Parker, Esq