IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| IN RE:<br>**MELANGE S. SCOTT**<br><br>　DEBTOR<br><br>**MELANGE S. SCOTT**<br><br>　　MOVANT<br><br>Vs.<br><br>**PETER M. FERRARO**<br><br>　　RESPONDENT | CHAPTER 13<br>CASE NUMBER: 21-14292 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT
CONTINUATION OF PENDING APPEAL PROCEEDINGS**

　　NOW COMES, Melange S. Scott (hereinafter referred as "Movant" or "Debtor" respectively), by and through her attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and moves this Honorable Court pursuant to 11 U.S. Code § 362(d) and Bankruptcy Rule 4001(a) and for reasons state:

　　1.　　The Debtor commenced this case under Chapter 7 of the Bankruptcy code on June 30, 2021; which was later converted to Chapter 13 on August 21, 2021.

　　2.　　On Peter M. Ferraro has filed a claim as a result of a judgment issued in the Circuit Court for Baltimore County on April 19, 2021 in the amount of $18,346.99.

　　3.　　Prior to the filing of the Voluntary Petition, the Debtor filed a timely Notice of Appeal with the Court of Special of Appeals of Maryland, where she intended on challenging the judgment on the following legal basis:



Page 1

(a) That Respondent committed Fraud on the Court[1] when he submitted, in support of his Motion for Default Judgement, a lease, which he represented was active, when in fact was expired and was no longer in effect. Moreover, the expired lease had no evergreen clause automatically renewing it terms; thus, it was not enforceable, and should not have been considered in the underlying case; **Exhibit A**

(b) That the Respondent submitted the purported expired lease, knowing or having good reason to know that the Movant had given notice and no longer occupied the premises;

(c) That the Movant filed a timely answer, thus, default was erroneous; **Exhibit B**

(d) That the award of attorney's fees was erroneous and in violation of Maryland law, as there was no contractual basis for the court to award said fees;

(e) That the Ledger attached to the Motion for Default Judgment was also fabricated, inasmuch as it included rental and other charges; **Exhibit C**

(f) Any other reasons which may be deemed just and equitable.

4. The submission of false evidence to the Circuit Court of Baltimore County for which it relied in granting the Default Judgment against the Movant is repugnant to every sense of equity and fair dealings; thus, is sanctionable.

5. The appeal was stayed by the filing of the Voluntary Petition. **Exhibit D**

6. The Debtor has meritorious defenses to the judgment and is highly likely to prevail on the merits of the Appeal. Having the appeal adjudicated would also serve the ends of justice

---

[1] See *Jannenga v. Johnson*, 243 Md. 1, 5 (1966); *Arnold v. Carafides*, 282 Md. 375, 381 and 384(1978); Brooks v. McMillan, 42 Md. App. 270, 275 (1979). In *Thomas v. Nadel*, 48 A.3d 276, 427 Md. 441 (2012), the Court of Appeals defined "fraud on the court": "... a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding. Examples are bribery of a juror and introduction of [f]abricated evidence." Id. at 732. The tort of fraud similarly is based on a knowing or reckless misrepresentation.



Page 2

and will also aid the court in considering Movant's objection to the proof of claim filed contemporaneous with this Motion.

7. Judicial economy would be served by the granting of this Motion.

8. Section 362(d) of the Code allows a party in interest to request relief from the automatic stay for cause. 11 U.S.C. § 362(d). In the context of litigation claims, the Fourth Circuit has articulated at least the following three factors as relevant to evaluating a request for relief from the automatic stay: "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." No one factor is determinative, but a court should consider the totality of the circumstances. In addition, a court must balance to the best of its ability the interests of the Debtor's estate, the interests of all creditors asserting claims against the estate, and the potential hardship to the litigant if the requested relief is denied. See, e.g., Myles v. Xinergy Ltd. (In re Xinergy Ltd.), Case No. 15-70444, 2015 WL 3643418, at *2 (Bankr. W.D. Va. Jun 11, 2015); In re Gyro-Trac (USA), Inc., 441 B.R. 470, 489 (Bankr. D.S.C. 2010).

9. The appeal presently involves matters of State Court, mainly breach of contract, and not matters of Federal Law. See In Re Nims, 2011 E\WL 1402771 at *4(Bankr. D. Md. 2011).

10. Pursuant to Local Bankruptcy Rule 9013-2, Movant states that no memorandum will be filed in support hereof, and she will rely solely upon this Motion.

**WHEREFORE**, for all the foregoing reasons, Movant respectfully requests that this Court lift the automatic stay for the sole purpose of permitting Movant to prosecute her appeal. As stated



herein, permitting the continuation of the Appeal will not offend, disrupt, delay, or impede progression of the bankruptcy case.

        Respectfully Submitted,

        THE LAW OFFICES OF KIM PARKER, P.A.

        /s/ Kim Parker
        _____
        Kim Parker, Esquire
        COUNSEL FOR MOVANT
        Bar No.: 23894
        2123 Maryland Avenue
        Baltimore, Maryland 21218
        O:410-234-2621
        F: 410-234-2612
        E:kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of December 2021, a copy of the foregoing Motion for Relief and the correspondence were served via the Court's ECF filing system to Scott Wheat, Esquire, counsel for the Respondent.

        /s/ Kim Parker
        _____
        Kim Parker, Esquire

