IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| IN RE: * | |
| * | Case No.: 21-14292 NVA |
| MELANGE S. SCOTT, * | |
| * | Chapter 13 |
| Debtor. * | |
| * | |
| ************************************ | |
| * | |
| MELANGE S. SCOTT * | |
| * | |
| Movant * | |
| * | |
| v * | |
| * | |
| PETER M. FERRARO * | |
| * | |
| Respondent * | |
| * | |
| ************************************************************************** | |

**PETER M. FERRARO'S RESPONSE TO DEBTOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT CONTINUATION OF PENDING APPEAL PROCEEDINGS**

NOW COMES, Peter M. Ferraro ("Ferraro" or "Respondent"), a creditor in the above-captioned case, by his undersigned counsel, and responds to Debtor's Motion for Relief from Stay and for reasons state:

1. Respondent admits the allegations of paragraphs 1 and 2 of the motion.

2. Respondent denies the remaining allegations.

3. On or about March 16, 2015, Respondent entered into a one-year residential lease for 3420 Woodring Avenue, Baltimore, Maryland 21234 with the Debtor (the "Lease").

4. The Lease stated that the premises were to be used as a private residence for Debtor only; however, unbeknownst to Respondent, Debtor's husband was also residing at the premises.

5. After March 15, 2016, Debtor continued on as a month-to-month tenant under the terms of the Lease.

6. On or about May 1, 2020, Debtor abandoned the premises, leaving the premises in such a condition that prevented Respondent from renting the premises until major repairs were completed.

7. Furthermore, it is believed that Debtor made a claim on her insurance for damages to the premises that arose during her tenancy and never used those proceeds to restore the premises, which resulted in a portion of an insurance claim being disallowed by Respondent's insurance carrier based on Debtor's prior claim.

8. On May 1, 2020, Ferraro, through counsel, sent notice to the Movant of the disposition of her security deposit along with a copy of the rent ledger and demanded payment of the remaining amounts then due, which Movant ignored.

9. On or about December 4, 2020, Respondent filed suit against the Movant in the Circuit Court of Maryland for Baltimore County alleging a balance due under the terms of the Lease.

10. On April 19, 2021, the Circuit Court of Maryland for Baltimore County entered default judgment in favor of Ferraro and against Movant in the principal amount of $18, 346.99, attorneys' fees of $3,618.50[1], plus post-judgment interest at the legal rate and costs.

11. Debtor filed her appeal with the Court of Special Appeals of Maryland on the final day pursuant to Maryland Rule 8-202(a).

12. Debtor did not post the required supersedeas bond with the Circuit Court pursuant to Maryland Rule 8-423(b)(1), to stay enforcement of Respondent's judgment pending appeal.

13. When collection activity continued, Debtor filed her case under Chapter 7 of the Bankruptcy code, which was later converted to Chapter 13.

14. Although Debtor commenced these bankruptcy proceedings and thereby alleged that she is unable to pay her outstanding debts; she purchased a house one year prior to her bankruptcy with a down payment of approximately $49,000.00, was current on her other debts and purchased a new vehicle for approximately $48,000.00 20 days prior to her bankruptcy filing.

15. Despite Movant's statement that she would very likely prevail on her appeal is a foregone conclusion and wishful thinking at best. A default judgment was entered against the Movant for her failure to file an answer to the complaint pursuant to Maryland Rule 2-613. Movant had an opportunity to cure the Order of Default and file a motion to vacate the default but failed to provide good cause to the court as to why the Order of Default should be vacated. Movant's grounds to vacate the judgment on appeal or otherwise are very narrow in scope and unlikely to prevail.[2]

16. Debtor bases her motion on 11 U.S. Code § 362(d); however, there is nothing in that section or elsewhere in the Bankruptcy code that affords the debtor the relief requested.

17. The Court should proceed with the Debtor's bankruptcy and not intervene with a valid judgment that the Movant had every opportunity to defend and failed to do so as the Movant can pursue the appeal, if her bankruptcy is not dismissed.

18. It would be inequitable to allow the Debtor to continue with her appeal of Respondent's judgment in the state court while enjoying protections under the bankruptcy code

---

[1] Attorneys' fees are contractual by extension of the Lease and valid.
[2] It should be noted that Movant has shown a complete lack of intent to proceed with her appeal as she failed to comply with the Maryland Court of Special Appeals procedural requirements that, but for her bankruptcy, already resulted in her appeal being dismissed.

all the while not posting a supersedeas bond to stay enforcement of Respondent's judgment pending appeal.

19. Granting the motion will cause further delay of the bankruptcy, prejudice Respondent and is not in the interest of judicial economy.

WHEREFORE, Peter M. Ferraro respectfully request that Debtor's motion be denied.

Respectfully submitted,

/s/ Scott B. Wheat
SCOTT B. WHEAT, Fed. Bar No. 16522.
LAW OFFICE OF HUNTER C. PIEL, LLC
502 Washington Avenue, Suite 730
Towson, Maryland  21204
Phone No.:  (410) 849-4888
Facsimile No.:  (410) 849-4889
E-mail:  swheat@piellawfirm.com
*Counsel for Peter M. Ferraro*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the __3rd__ day of January, 2022 a copy of the forgoing Response to Motion for Relief was served via the Court's ECF filing system to Kim Parker, counsel for the Movant.

/s/ Scott B. Wheat
Scott B. Wheat, Esquire