IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| IN RE:<br>**MELANGE S. SCOTT**<br><br>　　DEBTOR<br><br>**MELANGE S. SCOTT**<br><br>　　MOVANT<br><br>Vs.<br><br>**PETER M. FERRARO**<br><br>　　RESPONDENT | CHAPTER 13<br>CASE NUMBER: 21-14292 |

### MOVANT'S REPLY TO RESPONDENT'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT CONTINUATION OF PENDING APPEAL PROCEEDINGS

NOW COMES, Melange S. Scott (hereinafter referred as "Movant" or "Debtor" respectively), by and through her attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and replies to the Respondent's Response and for reason state:

1. The Respondent's response does not explain how a one-year lease, that non-renewed, was used to support a default judgment. As admitted by the Respondent in his response, the lease was entered into on March 16, 2015, and thus, would have expired on March 31, 2016, resulting in a month-to-month tenancy.

2. In his Motion for Summary Judgment filed in the Circuit Court for Baltimore County, Respondent falsely represented the following:

> "The present case involves an action commenced by Plaintiff, Peter M. Ferraro, on or about December 4, 2020, against Defendant, Melange Shamell Davis a/k/a



Melange Shamell Scott (the "Defendant"), (the "Complaint") **in connection with a one-year residential lease for 3420 Woodring Avenue, Baltimore, Maryland 21234 (the "Lease"). A true and accurate copy of the Lease, as attached to the Complaint, is attached hereto as Exhibit A and is incorporated herein by reference**. **The Complaint alleges the Defendant defaulted under the Lease by failing and refusing to pay rent and other expenses, resulting in damages to the Plaintiff in the amount of $18,346.99,**……………".

*See Exhibit A*

3. Moreover, in the Statement of Undisputed Facts, the Respondent falsely represented that the Lease **was in effect** at the time Defendant [**v**]acated the Leased Premises. *See Exhibit A, Page 3, Section 8*.

4. Furthermore, the Respondent admits that that the Movant's status was a Month to-Month tenancy, and that the Movant allegedly **abandoned**[1] the premises; allegedly leaving the premises in such a condition that prevented Respondent from renting the premises until major repairs were completed. *Response* ¶6. The Respondent admitted that the Movant "abandoned" the premises on May 1, 2020, but fails to explain why the ledger reflected rental payments due from May 1, 2020 to December 1, 2020. *See also Exhibit A, Page 3, Section 9.*

5. The Respondent further argues that "**it is believed**"[2] that Movant made a claim for insurance for damages to the premises and never used those proceeds to restore the premises. The Respondent provided no evidence that the Movant made a claim for damages, and even *assuming arguendo* that she did, that he was entitled to the proceeds. It is without question that the Movant was a tenant, and that as tenant the only insurance she would have been required to obtain is a "Renters Policy" which would only cover "her" belongings and "damages" related to the "structure" of the rented premises. Nowhere in the response, or in the pleadings filed in the Circuit

---

[1] Movant did not abandon the premises but provided Respondent with written notice of her intent to vacate, although there was no contractual requirement to give notice on an expired lease.

[2] No evidence was provided to the Circuit Court that Movant deprived Respondent of an opportunity to file an insurance claim.



Court does the Respondent argue what acts or omissions by the Movant and/or her agents caused damages to the structure of the premises. Instead, Respondent simply included an amount which he purports represents the damages to the premises allegedly caused by Movant. The foregoing is insufficient evidence to support a default against the Movant, and therefore it was an abuse of discretion for the Circuit Court to grant the default judgment in this regard.

6. Respondent correctly notes that the Movant did not file a Motion to Vacate Default Judgment. Movant, however, timely filed her appeal, as a matter of right. Said appeal is pending and active.

7. The Respondent has engaged in *stratagem* to prevent the Movant from having her day in court; and based on the misrepresentations presented in the Circuit Court, it is understandable why allowing the case to move forward would be concerning to him. As a part of the Respondent's strategy of *stratagem*, he deprived Movant an opportunity to be heard by (a) relying on falsified documents and misrepresentations in the pleadings to support the Court's consideration of the Default judgment, (b) filing motions to strike her answer despite her answer having been filed and docketed (c) serving request for admissions containing misrepresentations, (d) filing a motion to strike the appeal on the basis that Movant served the Respondent instead of his attorney and (e) filing a motion to strike appeal on the basis that Movant did not file an information report.

8. In our jurisprudence, cases should be heard on the merits, not dismissed based on technicalities, *less justice triumph*. See *Bond v. Slavin*, 851 A.2d 598, 157 Md. App. 340 (Ct. Spec. App. 2004) (it is the practice of this Court to decide appeals on the merits rather than on technicalities) see also *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006); *Matrix Capital Management Fund, LP v. BearingPoint*, 576 F.3d 172 (4th Cir. 2009).



Page 3

9. The Respondent's conduct in the Circuit Court is reprehensible and deserving of sanctions. Any alleged prejudice or harm to Respondent, should this Court grant Movant's motion, is as a result of his own conduct, and not that of the Movant.

10. In addition, in light of the allegations stated hereto, it is doubtful that Respondent's counsel can continue to advocate on his behalf because they will be a witness at any hearing and/or trial on this matter and therefore cannot act as both a witness and advocate. See Maryland Rule 19-303.7(a).

11. Respondent is attempting to employ the court to violate Movant's substantive and procedural due process rights. Due Process requires Movant a right to be heard. As stated *supra*, she was unfairly deprived of that right in the Circuit Court of Baltimore County, and Respondent seeks to also deprive the Movant of her right to an appeal to redress the wrongs set forth herein.

12. This Court should decline his invitation and permit Movant to proceed with her appeal. Movant has meritorious defenses against this judgment and the likelihood of success on appeal is good, especially in light of the Circuit Court record.

**WHEREFORE**, for all the foregoing reasons, Movant respectfully requests that this Court lift the automatic stay for the sole purpose of permitting Movant to prosecute her appeal. As stated herein, permitting the continuation of the Appeal will not offend, disrupt, delay, or impede progression of the bankruptcy case.

Respectfully Submitted,

THE LAW OFFICES OF KIM PARKER, P.A.

/s/ Kim Parker
_____
Kim Parker, Esquire
COUNSEL FOR MOVANT
Bar No.: 23894
2123 Maryland Avenue



Baltimore, Maryland 21218
O:410-234-2621
F: 410-234-2612
E:kp@kimparkerlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of January 2022, a copy of the foregoing Reply to Response to Motion for Relief and the correspondence were served via the Court's ECF filing system to Scott Wheat, Esquire, counsel for the Respondent.

/s/ Kim Parker
_____
Kim Parker, Esquire

