IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

|                        |   |                                   |
|------------------------|---|-----------------------------------|
| PETER M. FERRARO       | * |                                   |
|                        | * |                                   |
| Plaintiff              | * |                                   |
|                        | * |                                   |
| V.                     | * | Civil Action No. C-03-CV-20-004343 |
|                        | * |                                   |
| MELANGE DAVIS          | * |                                   |
|                        | * |                                   |
| Defendant              | * |                                   |
|                        | * |                                   |
|                        | * |                                   |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, Peter M. Ferraro ("Plaintiff"), by his undersigned counsel, hereby files this Memorandum in Support of the Plaintiff's Motion for Summary Judgment (the "Motion").  For the reasons set forth below, the Motion should be granted.

## PROCEDURAL HISTORY

The present case involves an action commenced by Plaintiff, Peter M. Ferraro, on or about December 4, 2020, against Defendant, Melange Shamell Davis a/k/a Melange Shamell Scott (the "Defendant"), (the "Complaint") in connection with a one-year residential lease for 3420 Woodring Avenue, Baltimore, Maryland 21234 (the "Lease").  A true and accurate copy of the Lease, as attached to the Complaint, is attached hereto as **Exhibit A** and is incorporated herein by reference.  The Complaint alleges the Defendant defaulted under the Lease by failing and refusing to pay rent and other expenses, resulting in damages to the Plaintiff in the amount of $18,346.99, after credit for the security deposit.  A copy of the calculation of rent due, as attached to the Complaint, is attached hereto as **Exhibit B** and incorporated herein by reference (the "Ledger").  Defendant was served Plaintiff's First Set of Interrogatories, Requests for Admissions and Requests for Production of Documents on February 16, 2021.

On or about March 2, 2021, Defendant filed an answer to the Complaint (the "Answer"). On or about March 17, 2021, Plaintiff received Defendant's answers to Plaintiff's interrogatories.  Plaintiff sent notice of Defendant on March 17, 2021, taking exception to a some of Defendant's answers (the "Notice").  A copy of the Notice is attached hereto as **Exhibit C** and incorporated herein by reference.  On March 22, 2021, Defendant served supplemental responses to the interrogatories outlined in the Notice; however, the Defendant failed to provide responses to Plaintiff's Requests for Production of Documents and Requests for Admissions (the "Admissions"), which were due on or before March 22, 2021 pursuant to Maryland Rules 4-422 and 4-424.  A true and accurate copy of the Admissions served on Defendant is attached hereto as **Exhibit D** and is incorporated herein by reference.  As of March 23, 2021, the Defendant has failed to provide any answer to Plaintiff's Requests of Plaintiff, For Admission of Facts and Genuiness of Documents.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Maryland Rule 2-501(f) specifically provides that a court shall enter summary judgment in favor of the moving party where there is no genuine dispute between the parties as to any material fact and the moving party is entitled to judgment as a matter of law.  It is well settled that a motion for summary judgment should be granted where, as here, a thorough examination of the merits clearly demonstrates that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law.  *See*, *e.g.*, *Phillips v. Allstate*, 848 Ad2d 952; 156 Md. App. 729 (2004).  In deciding a motion for summary judgment, the trial court must decide whether there is any genuine dispute as to material facts, and, if not, whether either party is entitled to judgment as a matter of law.  *Bagwell v. Peninsula Regional Medical Ctr.*, 106 Md. App. 470 (1995).  A material fact is a fact the resolution of which will somehow affect the

outcome of the case. *Lippert v. Jung*, 366 Md. 221, 227 (2001). Further, the purpose of the summary judgment procedure is to decide whether there is an issue of fact that is sufficiently material to be tried. *Bradley v. Fisher*, 113 Md. App. 603 (1997).

### FACTS NOT IN MATERIAL DISPUTE

By virtue of the Answer, Maryland Rule 2-424(b) and Defendant's failure to respond to the Admissions, the following are deemed admitted:

1. Plaintiff is owner of property located at 3420 Woodring Avenue, Baltimore, Maryland 21234. *See,* Answer ¶ 1.

2. Defendant is a resident in the State of Maryland and currently resides in Baltimore County, Maryland. *See,* Answer ¶ 2.

3. Jurisdiction and Venue are proper in this Honorable Court pursuant to Md. Cts. & Jud. Pro. Code § 6-102(a) and Md. Cts. & Jud. Pro. Code § 6-201(a), respectively as the Defendant is a resident of Baltimore County. *See,* Answer ¶ 3.

4. Defendant leased property located at 3420 Woodring Avenue, Baltimore, MD 21234 from the Plaintiff. *See,* Answer ¶ 5 and Exhibit D, RFA 2.

5. The copy of the *Lease,* attached to the *Complaint* as Exhibit A, is a true, correct and genuine copy of the *Lease.* *See,* Answer ¶ 5 and Exhibit D, RFA 3.

6. Rent under the Lease was payable monthly on the first day of every month at the rate of $1,300.00, which increased to $1,375.00 then to $1,450.00 during the tenancy. *See,* Answer ¶ 7.

7. The Lease allowed for late fees if not paid within 5 days of the first of the month. *See,* Answer ¶ 8.

8. The *Lease* was the lease in effect at the time Defendant vacated the *Leased Premises* (defined as 3420 Woodring Avenue, Baltimore, MD 21234). *See,* Exhibit D, RFA 4.

9. Defendant's last day at the Leased Premises was April 29, 2020. *See,* Answer ¶ 16.

10. Defendant was liable to Plaintiff for rent due under the *Lease*. *See,* Exhibit D, RFA 5.

11. Defendant is liable to Plaintiff for all outstainding rent and other amounts due under the *Lease*. *See,* Exhibit D, RFA 6.

12. The *Ledger*, is a true and correct representation of the rent owed under the *Lease*. *See,* Exhibit D, RFA 7.

13. Defendant owes Plaintiff $18,346.99 for damages stated in the *Complaint*. Exhibit D, RFA 8.

## <u>ARGUMENT</u>

Pursuant to Maryland Rule 2-424(b) each matter of which an admission is requested and not answered shall be deemed admitted. This case presents the type of factual situation that warrants the entry of summary judgment in favor of the Plaintiff and against the Defendant, for the amounts prayed for herein in that there is no genuine dispute of material fact. A close review of the facts and circumstances involved in this case clearly supports this conclusion.

The undisputed facts clearly show that the Defendant rented property form the Plaintiff pursuant to the Lease. Defendant defaulted on her obligations under the Lease by failing to satisfy all amounts to the Plaintiff pursuant to the Lease. The amount stated as due and owing under the Lease shown by the Ledger is an accurate accounting of the current amount due. The amount due and owing from the Defendant to the Plaintiff under the Lease is $18,346.99.

Accordingly, the Defendant admits she owes the Plaintiff as stated in the Complaint and there is no genuine dispute of material fact and the Plaintiff is entitled to judgment as a matter of law.

### CONCLUSION

Based the Defendant's admissions in the Answer and those facts deemed admitted by virtue of Rule 2-424(b) there are no disputes as to any material facts that the Defendant owes rent and other amounts to the Plaintiff pursuant to the Lease in the total principal amount of $18,346.99. For the foregoing reasons, Plaintiff, Peter M. Ferraro, requests to deem facts admitted and summary judgment be entered in this case in favor of the Plaintiff and against the Defendant, Melange Shamell Davis a/k/a Melange Shamell Scott, in the principal amount of $18,346.99, pre-judgment on the unpaid principal balance that is owed to Plaintiff calculated at the legal rate of 6% at the rate of $1.94 per day after December 1, 2020 and until the entry of judgment, reasonable attorneys' fees of $3,100.00 pursuant to Clause 19 of the Lease, post-judgment interest at the legal rate of 6% and costs. An Attorneys' Fees Affidavit is attached hereto as **Exhibit E** and incorporated herein by reference. A Non-Military Affidavit is attached hereto as **Exhibit F**.

Dated: March 23, 2021

___/s/ Scott B. Wheat_____
SCOTT B. WHEAT CPF# 0506140334
LAW OFFICE OF HUNTER C. PIEL, LLC
502 Washington Avenue, Suite 730
Towson, Maryland 21204
Telephone: (410) 849-4888
Facsimile:  (410) 849-4889
swheat@piellawfirm.com
*Counsel for Plaintiff, Peter M. Ferraro*