IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.: 21-14292 NVA |
| MELANGE S. SCOTT, | * | |
| | * | Chapter 13 |
| Debtor. | * | |
| | * | |
| ************************************ | | |
| | * | |
| PETER M. FERRARO | * | |
| | * | |
| Movant | * | |
| | * | |
| v | * | |
| | * | |
| MELANGE S. SCOTT | * | |
| | * | |
| Respondent | * | |
| | * | |
| ******************************************************************************* | | |

**MOVANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

    Peter M. Ferraro ("Ferraro" or "Movant"), a creditor in the above-captioned case, by his undersigned counsel, hereby files this Memorandum in Support of Motion to Dismiss. For the reasons set forth below, the Motion should be granted.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    The present case involves a voluntary bankruptcy initiated by the Debtor, Melange S. Scott ("Scott" or "Debtor"). The Debtor is currently indebted to Ferraro under a judgment entered on April 19, 2021 in favor of Ferraro and against the Debtor in the Circuit Court of Maryland for Baltimore County in the amount of $22,171.27 (the "Judgment"). *See,* Debtor's Motion for Relief from the Automatic Stay, Doc 41 and Claim No. 2. On May 19, 2021, the Debtor noted

her appeal of the Judgment to the Court of Special Appeals of Maryland and the appeal proceeded until July 7, 2021, without the Debtor posting a supersedeas bond pursuant to Maryland Rule 8-423(b)(1), when Debtor's counsel filed a suggestion of bankruptcy with Court of Special Appeals. The Debtor commenced this case under Chapter 7 of the Bankruptcy Code on June 30, 2021; which was later converted to Chapter 13 on August 21, 2021 to allow Debtor "to keep her sole substantial asset". *See,* Motion to Convert Case to Chapter 13, Doc. 12.

The Debtor's Petition lists a 2021 Volkswagen Atlas valued at $50,530.00 that was purchased on June 11, 2021 with a down payment of $15,351.64[1] using equity from a 2016 Mazda CX-5. The Debtor's Peititon also lists a principal residence valued at $407,149.00 that was purchased on or about April 10, 2020 with a down payment of about $49,000.00[2]. The Debtor's Petition lists a number of small balance unsecured joint creditors while according to the Creditor claims filed, which appear to be current on payments as of time of filing and beyond although most, if not all are actually not joint debts. *See,* Claim Nos.: 1, 3, 4, 5 and 7. The Debtor specifically listed Ferraro's debt as her only disputed debt. The Debtor initially listed her total household income as $10,594.58 and her total household expenses as $10,802.00. On July 23, 2021, the Debtor amended her schedules to show total household income as $10,038.64 and total household expenses as $11,606.66. On August 14, 2021, the Debtor filed an initial Chapter 13 Plan providing for 36 monthly payments of $200.00, giving her unsecured creditors a *pro rata* distribution, and providing for payments to her secured creditors outside the Plan. Doc. 18. On

---

[1] The Retail Installment Sale Contract attached to Claim 4 lists the down payment on the 2021 Volkswagen Atlas as $15,351.64 from a trade-in.
[2] This figure is based on the amount the Debtor admitted to putting down on for the purchase of 3819 Proctor Lane when questioned during a prior confirmation hearing.

September 14, 2021, the Debtor amended her schedules again to show total household income as $10,038.64 and total household expenses as $11,081.66; along with an amended Chapter 13 plan providing for 60 monthly payments of $200.00, giving her unsecured creditors a *pro rata* distribution, and providing for payments to her secured creditors outside the Plan. Doc. 26. On or about October 21, 2021, the Court issued an order denying confirmation of the Debtor's amended plan holding that the plan does not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325. *See,* Doc 30. On November 15, 2021, the Debtor filed yet another amended plan, this time providing for payments of $200.00 for 3 months and 57 monthly payments of $500.00, giving her unsecured creditors a *pro rata* distribution, and providing for payments to her secured creditors outside the Plan. Doc. 38. On December 19, 2021, Movant filed an Objection to Confirmation of Plan stating the actions of the Debtor in filing the petition was not in good faith as, among other things, the original plan and amended plan were not feasible or submitted in good faith according the Debtor's schedules as filed with this Honorable Court. Doc. 39.

On December 20, 2021, the Debtor filed an objection to Movant's proof of claim and a Motion for Relief from Stay to continue to pursue Debtor's appeal of Movant's judgment in the Court of Special Appeals of Maryland. Docs. 40 and 41. Each filing focused on attacking Ferraro's claims underlying his Judgment. Movant filed responses to each arguing, among other things, that it is apparent that the Debtor is using the Bankruptcy Code to circumvent the need to post a supersedeas bond in her appeal and the Debtor is essentially asking this court to review the decision of the Circuit Court of Maryland for Baltimore County, requiring Ferraro to re-litigate his claim before this Court after he already received judgment in state court, in direct violation of the Rooker-Feldman doctrine. Docs. 44 and 47. Seeing that this Court was not going to re-

litigate her matter with Movant, the Debtor withdrew her objection to Movant's claim.

## ARGUMENT

Good faith is an implicit requirement when filing for bankruptcy protection. *See, Marrama v. Citizens Bank of Mass.,* 127 S.Ct. 1105, 549 U.S. 365 (2007). Section 1307(c) of the Bankruptcy Code states that a Chapter 13 proceeding may be dismissed "for cause." "Bankruptcy courts…routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the word 'for cause,' and a ruling that an individual's Chapter 13 case should be dismissed…because of bad faith is tantamount to a ruling that the individual does not qualify as a [debtor]." *Id* at 1111, 373. Courts apply a "totality of the circumstances test" when determining whether a debtor has acted in bad faith. *In re McGovern,* 397 B.R. 650, 655-56 (S.D. Fla. 2003). "Several factors may guide the court's inquiry into good faith, including:

  a. Whether there are any deficiencies or inaccuracies in the debtor's schedules or plan that might amount to an attempt to mislead the court;
  b. Whether payments proposed by the plan are fundamentally fair in dealing with creditors, including consideration of timing of filing, amount and proportion of debt that would not be dischargeable in a liquidation and equities of any classification;
  c. Whether the debtor had any improper motivation in seeking relief, as indicated, in part, by the circumstances under which the debts were incurred.

These factors and other constitute a totality of circumstances on which the court is to determine where there has been an abuse of a provision, or of the purpose, of the Bankruptcy Code." *In Re Hollenbeck,* 166 B.R. 288, 290-291 (S.D. Tex. 1993).

The court in *In Re Hollenbeck* found that the totality of the circumstances in that case were indictive of bad faith when it was shown that the debtor has the ability to pay in full all of his creditors; the size and the debtor's focus on the disputed claim in relation to other claims and the

relative lack of other claims that suggested the case involved primarily a two-party dispute between the debtor and the creditor; the debtor's low estimate in his schedules of earnings; and the debtor's reason for filing the case was to avoid payment of an appeal bond. *Id.* at 290.

In the instant case, Scott clearly filed her bankruptcy after her appeal to the Court of Special Appeals of Maryland failed to stop Movant's collection efforts. In the course of her Chapter 7 case, the Debtor submitted her 122A forms that resulted in the Clerk of the Court issued Notice of Presumed Abuse. *See,* Doc 14. She was able to finance about $375,000.00 in debt and make total downs payments of $64,351.64 within the year prior to her filing. *See,* Claim Nos.: 4 and 6. She purchased a new vehicle for $51,548.44 only 23 days after she filed her appeal and 19 days prior to her bankruptcy filing. She has failed to show any change in her circumstances that precipitated her alleged insolvency. It is clear that but for Movant's judgment, the Debtor would not have filed bankruptcy.

The Debtor has demonstrated deficiencies or inaccuracies in her petition and plan that amount to an attempt to mislead the court. Scott has been required to amend her tax returns as the Trustee pointed out discrepancies in her tax filings, including filing as head of household while being married. Scott's proposed payments under her plan are fundamentally unfair in dealing with creditors whose claims are unsecured, especially Movant, when, according to the creditor claims filed, she has been regularly paying her other creditors up to and beyond the filing date. Finally, it is clear that Scott's actions, both before her filing and during the bankruptcy proceedings, have focused on Movant's debt and her timing is indictive of her bad faith motivation to proceed with her appeal of Movant's judgment while avoiding payment of an appeal bond.

Movant believes that the Debtor has shown a complete lack of good faith in these proceedings. The totality of the facts and the timing of the Debtor's actions in this case clearly show that she abandoned her appeal and sought bankruptcy as a calculated and concerted effort to avoid Movant's judgment. The only reason the Debtor initiated these bankruptcy proceedings was because she was facing dismissal of her appeal and when collection activity continued she filed her bankruptcy case. The Debtor's has attempted to use the Bankruptcy court as a collateral attack on Movant's judgment and the Bankruptcy Code as a means around her required posting of an appeal bond, all to the detriment of Movant. It was only after Movant filed his objection to confirmation of the Debtor's plan that the Debtor objected to Movant's claim and made her request to the Court to allow her to proceed with her appeal. It was only after Movant filed his opposition to Debtor's objection that it became apparent that her desire to re-litigate Movant's claim would not be available in this Court. It is obvious from Debtor's actions and the prior proceedings in this case that this bankruptcy primarily involves a two-party dispute between the Debtor and the Movant, which should have required the Debtor to dismiss her bankruptcy to pursue the appeal she clearly abandoned prior. Additionally, Movant believes the Debtor's lack of good faith in this matter will be further exposed following additional discovery.

## CONCLUSION

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor." *Marrama* citing *Grogan v. Garner,* 111 S.Ct. 654, 498 U.S. 279 (1991). However, "the federal courts are virtually unanimous that prepetition bad-faith conduct may cause a forfeiture of any right to proceed with a Chapter 13 case." *Id* at 1107, 367. The Debtor has shown a complete lack of good faith in these proceedings which warrants dismissal of her petition. The Debtor motivation in filing for bankruptcy was a single-minded attempt to avoid

Movant's judgment and re-litigate Movant's claim before this Court.

**WHEREFORE**, Peter M. Ferraro respectfully request that Debtor's Petition be dismissed and any further relief this Court finds just and reasonable.

Respectfully submitted,

/s/ Scott B. Wheat
SCOTT B. WHEAT, Fed. Bar No. 16522.
LAW OFFICE OF HUNTER C. PIEL, LLC
502 Washington Avenue, Suite 730
Towson, Maryland  21204
Phone No.:  (410) 849-4888
Facsimile No.:  (410) 849-4889
E-mail:  swheat@piellawfirm.com
*Counsel for Peter M. Ferraro*

### STATEMENT OF POINTS AND AUTHORITIES:

- 11 U.S.C. § 1307
- Bankruptcy Rule 9014
- *Marrama v. Citizens Bank of Mass.,* 127 S.Ct. 1105, 549 U.S. 365 (2007)
- *In Re Hollenbeck,* 166 B.R. 288, 290-291 (S.D. Tex. 1993)
- *In re McGovern,* 397 B.R. 650, 655-56 (S.D. Fla. 2003)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the __1st__ day of February, 2022 a copy of the forgoing Memorandum in Support of Motion to Dismiss was mailed by first class mail, postage prepaid to the Debtor and all creditors listed on the attached mailing matrix and was served via the Court's ECF filing system to:

Kim Parker, counsel for the Debtor

Rebecca A. Herr. Chapter 13 Trustee

/s/ Scott B. Wheat<br>
Scott B. Wheat, Esquire