IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| IN RE:<br>**MELANGE S. SCOTT**<br><br>　　DEBTOR<br>_____<br><br>**PETER M. FERRARO**<br><br>　　MOVANT<br><br>VS.<br><br>**MELANGE S. SCOTT**<br><br>　　RESPONDENT | CHAPTER 13<br>CASE NUMBER: 21-14292 |

**DEBTOR'S RESPONSE TO CREDITOR PETER M. FERRARO'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 AND REQUEST FOR A HEARING THEREON**

NOW COMES, Mélange S. Scott (hereinafter referred as "Respondent" or "Debtor"), by and through her undersigned counsel, and responds to Peter M. Ferraro (the "Creditor" or "Movant"), Motion to Dismiss Debtor's Chapter 13 (the "Motion"), and for reasons state:

1. The Debtor filed this Voluntary Petition (the "Petition"), on June 30, 2021. This matter was later converted to Chapter 13 on August 21, 2021.

2. Listed on her Schedules is the disputed debt of the Creditor, Peter Ferrarro, in the amount of $22,171.27, amongst other creditors. The Creditor had previously been awarded a judgment in the Circuit Court of Baltimore County. It is important to note that said judgment is presently being appealed in the Court of Special Appeal of Maryland ("COSA"), which this court entered in Order granting Respondent Relief from The Automatic Stay (the "Stay Motion") for that limited purpose.



3. The Creditor has filed a Motion arguing *inter alia* that the Respondent has filed her Chapter 13 Plan in bad faith, inasmuch as she filed this case to purportedly circumvent the Creditor from being able to collect on the judgment, and that the more appropriate avenue for the Respondent would have been to file a *Supersedes Bond* in the Circuit Court.

4. Although the Creditor *quibbles* with his self-serving characterization of alleged "[d]eficiencies" within Respondent's schedules, it is important to note that the Respondent has cooperated fully with the Chapter 13 Trustee and has provided significant evidence to support her expenses, as represented in her schedules. The Creditor further argues that the Respondent had to amend her schedules, and tax returns at the urging of the Chapter 13 trustee. The Creditor has failed to demonstrate, with any level of particularity, how the foregoing amounts to bad faith.

5. Moreover, The Respondent is current with her plan payments and has proposed a viable plan to pay her creditors. See *In re Barnes*, No. 12-06613-8-RDD, 2013 WL 153848, at *10 (Bankr. E.D.N.C. Jan. 15, 2013)(The purpose of Chapter 13 is to enable debtors to adjust their debts by creating a plan to pay their debts out of future income).

6. The Creditor further posits that the Respondent took out monies to purchase a new car and to purchase a home. Respondents states and therefore avers that the vehicle was necessary inasmuch as she a family of [s]ix, including, 2 children that require car and booster seats. Her previous vehicle and home were inadequate to support her growing family. It is important to note that the funds used as down payment on the home and vehicle were taken from the Respondent's Retirement. Therefore, the Creditor was not prejudiced because such Retirement proceeds are exempt[1] in the bankruptcy, and there was no nefarious bad faith purpose associated therewith. The Creditor did not, nor could he, argue that the Respondent withdrew monies from her retirement to

---

[1] See Md. Cts. & Jud. Proc. 11-504(h).

LAW OFFICES OF KIM PARKER
Our Practice is Your Solution

splurge on expensive gifts, shopping sprees, and lavish purchases. The Creditor simply takes issues that the Respondent used her exempt retirement to obtain adequate housing and transportation. It is also important to note that adequate transportation is needed for the successful reorganization of her debts.

7. The Creditor has cited, *In Re Hollenbeck,* 166 B.R. 288, 290-291 (S.D. Tex. 1993), in support of his bad faith arguments, which is *a Texas case*, and which is irrelevant to the case at bar. *Hollenbeck* dealt with a dispute between the Internal Revenue Service and the Debtor and did not discuss bad faith.

8. It is axiomatic that this Court, in determining whether a petition was filed in bad faith, the ultimate inquiry for the Court is "`whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [Chapter 13].'" *Branigan v. Bateman* (In re Bateman), 515 F.3d 272, 283 (4th Cir. 2008) (quoting *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982)).

9. The Creditor bears the burden of proving that the Respondent filed her Chapter 13 case in bad faith. *See* In re Brogdon, No. 01-80488, 2001 WL 1699687, at *2 (Bankr. M.D.N.C. Sept. 7, 2001)(The party requesting dismissal for cause carries the burden of proof). The Respondent would submit that the Creditor has failed to meet his burden of proof that the Respondent filed her petition in bad faith, therefore, subject to dismissal.

**WHEREFORE**, for all the foregoing reasons, The Respondent respectfully requests that this Court deny the Creditors Motion and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

THE LAW OFFICES OF KIM PARKER, P.A.



/s/ Kim Parker

---

Kim Parker, Esquire
COUNSEL FOR RESPONDENT
Fed Bar No.: 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
O:410-234-2621
F: 410-234-2612
E:kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of February 2022, a copy of the foregoing Response to Motion to Dismiss were served via the Court's ECF filing system to Scott Wheat, Esquire, counsel for the Respondent.

/s/ Kim Parker

---

Kim Parker, Esquire

